# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YOR
-----------------------------------------------------------------------------X   Index No.:
SHAKUR TRAVEL, LLC,                                                              Date Purchased:

                                  **SUMMONS**

                     Plaintiff,       Plaintiff Designates:
                                    NEW YORK COUNTY

   - against -

                                    The basis of Venue is
HISCOX INSURANCE COMPANY, INC; HISCOX, INC.       Plaintiff's principle
and DWF CLAIMS (USA) LLC,                                                        place of business
                                    203 W. 133rd Street
                                    New York, NY 10030

                     Defendant.
-----------------------------------------------------------------------------X
To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve notice of appearance on the Plaintiffs' Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The signature certifies that to the best of the certified's knowledge the statements in the paper are correct.

Dated: Malverne, New York
         December 19, 2024                          Yours, etc.,

                                                       *Gerard J. White, Esq.*
                                                    Gerard J. White, Esq.
                                                    Attorney for the Plaintiffs
                                                    43 Rider Avenue
                                                    Malverne, NY  11565
                                                     Tel. 516-672-6373

Defendant's Address:

HISCOX INSURANCE COMPANY INC.
30 N. LASALLE STREET, SUITE1760
CHICAGO, IL 60602

HISCOX, INC.
30 N. LASALLE STREET, SUITE1760
CHICAGO, IL 60602

DWF CLAIMS (USA), LLC
740 WAUKEGAN ROAD, SUITE 340
DEERFIELD, IL  60015

2

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF NEW YORK  
-------------------------------------------------------------------------X  
SHAKUR TRAVEL, LLC,

                    Plaintiff,

        -against-

HISCOX INSURANCE COMPANY, INC; HISCOX, INC.  
and DWF CLAIMS (USA), LLC,

                    Defendant(s).  
-------------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiffs, by their attorney, Gerard J. White, Esq., as and for their Complaint, respectfully alleges, upon information and belief, as follows:

### AS AND FOR THE PLAINTIFF'S FIRST CAUSE OF ACTION

### PLAINTIFF IS ENTITLED TO A DECLARATORY JUDGMENT DIRECTING DEFENDANT, HISCOX INSURANCE COMPANY INC/; HISCOX, INC. and their agent, DWF CLAIMS (USA) LLC TO DEFEND AND INDEMNIFY PLAINTIFF

1. At all times herein mentioned, the Plaintiff, SHAKUR TRAVEL, LLC, was and still is a domestic corporation, duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

2. At all times herein mentioned, the Plaintiff, SHAKUR TRAVEL, LLC, was and still is a foreign corporation, duly operating within and pursuant to the laws of the State of New York.

3. At all times herein mentioned, the Plaintiff, SHAKUR TRAVEL, LLC, was and still is a business entity, duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

3

4. At all times herein mentioned, the defendant, HISCOX INSURANCE COMPANY, INC., was and still is a domestic corporation, duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

5. At all times herein mentioned, the defendant, HISCOX INSURANCE COMPANY, INC., was and still is a foreign corporation, duly operating within and pursuant to the laws of the State of New York.

6. At all times herein mentioned, the defendant, HISCOX INSURANCE COMPANY, INC., was and still is a business entity duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

7. At all times herein mentioned, the defendant, HISCOX, INC., was and still is a foreign corporation, duly operating within and pursuant to the laws of the State of New York.

8. At all times herein mentioned, the defendant, DWF CLAIMS (USA), LLC, was and still is a domestic corporation, duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

9. At all times herein mentioned, the defendant, DWF CLAIMS (USA), LLC, was and still is a foreign corporation duly operating within and pursuant to the laws of the State of New York.

10. At all times herein mentioned, the defendant, DWF CLAIMS (USA), LLC, was and still is a business entity, duly created, formed, organized and operating within and pursuant to the laws of the State of New York.

11. That at all times herein mentioned the defendant, HISCOX INSURANCE COMPANY, INC. engaged in contractual transactions in the State of New York, County of New York.

12. That at all times herein mentioned the defendant, HISCOX, INC. engaged in contractual transactions in the State of New York, County of New York.

13. That at all times herein mentioned the defendant, DWF CLAIMS (USA), LLC engaged in contractual transactions in the State of New York, County of New York.

14. That in or around January 12, 2023, defendants issued a professional liability insurance policy which was in effect from January 12, 2023 through January 12, 2024.

15. That the insurance policy issued by defendants to plaintiff, in effect from January 12, 2023 through January 12, 2024, was designed by defendants' as policy number P101.410.836.1.

16. That in or around January 12, 2024, defendants issued a professional liability insurance policy which was in effect from January 12, 2024 through present (and continuing to January 12, 2025).

17. That the insurance policy issued by defendants to plaintiff, in effect from January 12, 2024 through present (and continuing through January 12, 2025) was designed by defendants' as policy number P101.410.836.2.

18. That both of the aforementioned policies stated the same type and terms of coverage provided by defendants to plaintiff, SHAKUR TRAVEL, LLC.

19. That during the effective term of insurance policy identified as P101.410.836.1, the defendants were on notice of a bailment of funds from Shakur Travel Agency to the third party, Khulais Corporation and its principal, Abdullah Khaled Khulais was converted resulting in plaintiff sustaining damages.

20. That during the effective term of insurance policy identified as P101.410.836.2, the defendants were on notice of a bailment of funds from Shakur Travel Agency to the

5

third party, Khulais Corporation and its principal, Abdullah Khaled Khulais was converted resulting in plaintiff sustaining damages.

21. The converted funds were money supplied to plaintiff, Shakur Travel from third party customers who sought to obtain travel visas for a religious trip to Saudi Arabia (the "Hajj") which was to occur from June 26, 20023 through July 1, 2023.

22. The converted funds consisted of the funds of approximately 90 travelers at a cost of approximately $11,500.00 and was a loss of approximately $1,000,000.00 to $1,300,000.00.

23. That throughout the beginning of 2023 through June 2023, the third party, Khulais Corporation and its principal, Abdullah Khaled Khulais continually promised to obtain the travel visas for the approximately 90 customers of the plaintiff.

24. That sometime in June 2023, the third party, Khulais Corporation and its principal, Abdullah Khaled Khulais conceded that they were not able to obtain the visas and would attempt to return the money to the plaintiff.

25. That in June 2023 through present, plaintiff has received complaints, (including several formal legal actions filed against plaintiff) concerning return of the travel visa funds from the approximate 90 customers.

26. That the aforementioned funds are a loss sustained by plaintiff, Shakur Travel which is covered under both insurance policies issued by the defendants.

27. That each and every previous claim received by defendants from plaintiff, Shakur Travel is a claim for which the defendants are contractually obligated to provide a defense and indemnification to plaintiff, Shakur Travel.

28. That each and every new claim received by the defendants from plaintiff, Shakur Travel is a claim for which the defendants are contractually obligated to provide a defense and indemnification to plaintiff, Shakur Travel.

29. That each and every previous claim received from the approximate 90 individuals who paid for a travel visa and did not receive said visa represents a claim for which the defendants are contractually obligated to provide a defense and indemnification to plaintiff, Shakur Travel.

30. That each and every current claim received from the approximate 90 individuals who paid for a travel visa and did not receive said visa represents a claim for which the defendants are contractually obligated to provide a defense and indemnification to plaintiff, Shakur Travel.

31. That each and every new claim received from the approximate 90 individuals who paid for a travel visa and did not receive said visa represents a claim for which the defendants are contractually obligated to provide a defense and indemnification to plaintiff, Shakur Travel.

32. That defendants received timely notice of all viable and legal claims and were sufficiently informed to conduct an investigation of the loss.

33. That on or about November 18, 2024, the defendant, by way of letter from defendant, DWF CLAIMS (USA), LLC, to plaintiff, SHAKUR TRAVEL, breached their contractual obligations to provide insurance coverage for the above referenced claim and/or claim exposure.

34. That the aforementioned letter, dated November 18, 2024, wrongfully and in breach of their contractual duty stated that the defendants were declining to provide any coverage for the plaintiff's loss claim.

7

35. That the aforementioned letter, dated November 18, 2024, listed pretextual and erroneous excuses for why defendants would not be providing plaintiff with insurance coverage, including the false excuse that plaintiff was providing "tour guide services", which was not a service offer to customers nor part of this claim.

36. That the aforementioned letter, dated November 18, 2024, listed pretextual and erroneous excuses for why defendants would not be providing plaintiff with insurance coverage, including the false excuse that plaintiff provided late notice of the incident given rise to all claims from the bailment of funds to Khulais Corporation.

37. That the defendants' breach of contract, refusal to provide plaintiff with a defense and indemnification and defendants' inaccurate and false disclaimer letter have resulted in plaintiff sustaining damages in the sum of $1,300,000.00.

38. That the defendants are liable to plaintiff for the aforesaid damages.

**WHEREFORE**, the Plaintiff demands judgment on the First Cause of Action for an Order granting a declaratory judgment compelling defendants, Hiscox Insurance Company, Inc., Hiscox, Inc. and DWF Claims (USA), LLC to provide insurance coverage, including a full defense and indemnification to plaintiff from all third party claims arising from the transaction with Khulais Corporation and for such other and further relief as this Court deems just and proper.

This signature certifies that to the best of the certifier's knowledge the statements in this paper are correct.

Dated: Malverne, New York
December 19, 2024

Yours, etc.

*Gerard J. White, Esq.*
Gerard J. White, P.C.
Attorney for the Plaintiff

Office and P.O. Address
43 Rider Avenue
Malverne, NY 11565
Tel. 516-672-6373

ATTORNEY VERIFICATION OF COMPLAINT

STATE OF NEW YORK  }  ss.:

COUNTY OF NASSAU  }

    I, Gerard J. White, Esq., an attorney duly admitted to the practice of law in the State of New York, hereby affirms the truth of the following under the penalty of perjury:

    That I have read the foregoing Complaint and know the contents thereof, that the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true;

    That the source of your deponent's information is based on a review of the file maintained by my office and discussions with the plaintiff.

    That I am verifying this document because my office is located in a different county from where plaintiff is present.

    *Gerard J. White, Esq.*
    Gerard J. White, Esq.

Affirmed on the 19th day
of December 2024

Malverne, NY 11565

9

SUPREME COURT OF THE STATE OF NEW YORK       Index No.:
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
SHAKUR TRAVEL, LLC,

                      Plaintiff,

      - against -

HISCOX INSURANCE COMPANY, INC., HISCOX, INC.
and DWF CLAIMS (USA), LLC,

                      Defendant(s).

## SUMMONS & VERIFIED COMPLAINT

### Gerard J. White, Esq.
**Attorney for Plaintiff**
**SHAKUR TRAVEL, LLC**
43 Rider Avenue
Malverne, NY 11565
516-672-6373

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* __December 19, 2024__    Signature: _Gerard J. White, Esq._

TO:    Attorneys for _____