UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SHAKUR TRAVEL, LLC, :
:
Plaintiff, :
-v- : 25-CV-3253 (JMF)
:
HISCOX INSURANCE COMPANY, INC., HISCOX, : ORDER
INC., and DWF CLAIMS (USA) LLC, :
:
:
Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 18, 2025, this action was removed from the Supreme Court of New York, New York County, by Defendant DWF Claims (USA) LLC ("DWF"). *See* ECF No. 1 ("Notice of Removal"). On April 22, 2025, the Court issued an order scheduling an initial pretrial conference and directing DWF, "[w]ithin two business days of the date of [that] Order, . . . [to] serve on Plaintiff a copy of [the] Order and of the Court's Individual Rules and Practices in Civil Cases, and to file proof of such service on the docket." ECF No. 2. On the same day, the Court issued a second Order noting deficiencies in the Notice of Removal's allegations of diversity jurisdiction, ordering DWF to "amend its Notice of Removal" to cure those deficiencies by April 29, 2025, and, "within two business days of [that] Order," to "serve [it] on Plaintiff and the other Defendants . . . and to file proof of such service on the docket." ECF No. 3. The Court warned that if, by April 29, 2025, DWF was "unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action [would] be remanded to the Supreme Court of New York, New York County, without further notice to either party." *Id.*

All the above deadlines have now past, and DWF has neither filed proof of service of either Order on the docket nor amended its Notice of Removal to "truthfully allege complete diversity of citizenship." "[T]he defendant bears the burden of demonstrating the propriety of removal." *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). "Remand is appropriate where jurisdiction is doubtful," *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986), and is required where, as here, the allegations in the notice of removal are insufficient to support subject-matter jurisdiction. Accordingly, it is hereby ORDERED that, this action be remanded to the Supreme Court of New York, New York County. The Clerk of Court is directed to remand this case and to close the case on this Court's docket.

SO ORDERED.

Dated: May 1, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge